We're ready whenever you are, Mr. Foster. Your Honor, for you, Log Chains, Foster, Brian Paulson from my firm is here as well. I don't intend to address the jurisdictional issue unless the Court has questions. Yeah, I think we do. I'm a little unclear on the jurisdictional issue, and a lot of these questions apply to your friend on the other side as well, but with respect to the jurisdictional issue, I'm not even clear I understand your position. I think one of your answers is you make the case that we have the authority to join, to exercise our appellate jurisdiction by joining a party here. Is that your response to Apple's concerns about jurisdiction? Yes, Your Honor. This same issue came up in the ADP case in which Your Honor sat, and on May 24th, that issue was decided that you could add your luck 2017 to the appeal. But that wasn't, I've had a lot of these cases, but I don't know, was that not having jurisdiction at the time of filing or the time of judgment? Wasn't it at the time of the appeal? Wasn't it a different jurisdiction? The only factual difference between the ADP case and here was at the time that the appeal notice was filed, no one questioned jurisdiction. What happened was the patent portfolio was transferred after the appeal notice to you. Right, so it was different than this case because it didn't have to do with lacking jurisdiction at the time the case was filed or at the time judgment was rendered at the district court. That's right, Your Honor. But there are two reasons why the results should be the same. The first is that Unilock USA was a party in the district court and continued to have rights in the patent when the appeal was filed. Unilock USA's rights were terminated in November 2018, several months after this appeal was filed. So there was continuity with respect to Unilock USA as being a party with standing. Well, let me just ask you one further, and maybe we'll have a follow-up on that. Even if we were to accept that we could, you know, assume appellate jurisdiction by adding a party here, what would you have us do? What would we have to do? Well, we've already, of course, filed a motion to add Unilock 2070, or if the Court prefers to substitute, but that motion has been filed. And what about the other issue? I thought the problem, though, the jurisdictional problem at the time of filing had to do with Fortress Credit. And that seems to me to be something that I don't understand how you would suggest that we remedy that on appeal, right? Yeah. Thank you for bringing that up. That's a complicated issue. They had raised that issue in the district court. The district court judge ruled against them on that at some point after the appeal, in a different case, on that particular Fortress issue. Yeah, and is there a . . . I was going to ask both of you what the status of that was, because I understand they filed for reconsideration. They moved for reconsideration. The district judge is still sitting on that motion, hasn't decided it. Okay. So we don't know what the answer to the question is. And even if he rejects their argument, we could . . . they could appeal that at some point once the case is final, once there's final judgment, and we could review that on appeal. So what are . . . I'm just asking you to help us out. No, I'm fine. What are we to do with this outstanding issue about jurisdiction that involves Fortress Credit? So . . . Send it back to the district court to have him sort it out, join them on appeal? I don't think that's what anybody's advocating. What are we supposed to do about that? So let me try to sort it out. Judge Alsop currently has a motion for reconsideration. He's been sitting on it for several months. If he denies the motion, then the case in which he denied that moves forward, and maybe a year or two years from now, whoever is the losing party in that case will appeal, and this Court will not have jurisdiction over that issue until that appeal is filed, unless an interlocutory appeal is requested under . . . But don't we, given the case that we have before us, have some obligation to figure that question out because that's a jurisdictional question in this case as well, right? So again, I'm just asking for help. I'm not taking sides here, but I just want you to tell us. What Judge Prost is reaching for, and we're all concerned, is can we go ahead and decide whether we hear your arguments and decide the merits in this case, or are we hung up on jurisdictional questions? That's what we're trying to figure out. Which brings me to the next option. Several weeks ago, this Court handed down the Lone Star decision, which somewhat changed this Court's jurisprudence on jurisdiction issues. And in Judge McNally's opinion there, she said, we're going to cabin the jurisdiction issue. All you have to show to have jurisdiction is that one of the parties has Article III jurisdiction. All the other questions that have been traditionally treated as jurisdiction will now go to whether the statute applies or not, and that's Rule 19 or 20 question. So it's not in the briefing because it came up after the briefing, but I recommend you look at the Lone Star opinion on that. When you do, if you agree with me, the question then as well, did Unlock USA have Article III jurisdiction? That hasn't been briefed either. You can solicit more briefing on that if you wish. But that's one way to get rid of the issue quickly at the appellate level without remanding. But did they have Article III jurisdiction? I mean, that's the question. You keep saying it hasn't been briefed, they haven't raised it. I get all that. But if it's a jurisdictional issue that affects us, we still have to decide that. Even if, I mean, they can't waive jurisdiction. We have to affirm it. So what's the answer on this issue? They can't and they certainly haven't raised every jurisdictional objection they can. My suggestion with respect to Lone Star, since it's a recent case, that's why it wasn't briefed. I think Lone Star takes the jurisdictional issue out of the case, but you're right. You have to decide it, and you do need briefing on it because it's a recent incident. Can't you just tell us your answer now? You have an answer, don't you? Yes. I thought I had. And that is that all that Lone Star requires is that one of the parties at the time of the appeal, in this case, Uniloc USA, had Article III standing. Uniloc USA at the time had an exclusive license to enforce the patent, and Uniloc Luxembourg, the other name, was the patent owner. And that was consistent all the way through. Uniloc USA did not lose its rights until November when these issues first came up, and all the issues where all the rights were centralized in Uniloc 2007. And does that resolve the Fortress credit issue? Excuse me? Does that resolve the Fortress credit issue about what time of the file? No, no, no. That does not. Well, that's what I want you to answer. That's what is a potential jurisdictional problem. I get the other stuff. If we can correct the other stuff on appeal, but if there was no jurisdiction at the time it was filed, then we can't correct that. And you talked about the motion that was... I'm sorry. I wasn't very clear. You talked about the motion that's pending in another case before Judge Alsop and all that kind of stuff, but you didn't tell us what your position is there and why it isn't a jurisdictional defect for us in this case. Yeah. I'll do that. And again, you had to bear with me because Lone Star came down after the briefing. The argument on Fortress in the district court had been Fortress had a security interest in the patents. And so if there was a default, then Fortress would have, under the documentation, the right to... A non-exclusive right to sub-license the patents. It wasn't a normal license. It's one of these things where it's a great interest. In the Lone Star case, I think if you read all the details there, that would not be sufficient to cause a lack of constitutional standing, Article III standing on the part of the patent owner. So I think you can, if you make the factual assumptions, which Apple asked you to make under Lone Star, there's still no jurisdictional argument. But procedurally, Judge Post suggested we send it back to Judge Alsop. I guess you could just avoid it, but as you mentioned, it'll be two years before we see this case again. All right. Well, maybe Apple can shed some further light on this. Why don't you proceed to the merits? Proceed to the merits? All right. So my understanding in the electrical and mechanical arts is that there are lots of patents on things like toasters and what have you, mousetraps, and the way it proceeds almost all the time is that patents that are applied for are incremental. There's some tweak or a redesign that someone asks for, and they go to the patent office and they get a patent. Until this case, 101 had not moved into that area of electromechanical devices being tweaked and redesigned. In this case, as you know from the briefing, although the inventors had grand ideas as what they thought they had invented, what the patent office only gave them was a patent to do an incremental advance of setting current to zero in a controller when the temperature is above a certain amount. And I guess Judge Ellsworth didn't appreciate that. He attacked the whole concept of relating current to temperature, and it wasn't clear to me when I wrote the brief whether he was going on a natural law as opposed to abstract it. Yes, we briefed it both ways. But that's not what the claimed advance is in this case. The claimed advance is this incremental adjustment of setting the current to zero when a certain temperature is exceeded, and that does not seem to be in any way an abstract idea. When we get to step two of the Alice analysis, again, there's no evidence in the record that anyone had ever set the current to zero when a temperature had been exceeded. So it's not ordinary, conventional, or generic to do any of that. And those arguments were all laid out in the brief. The final point I'll make, since I'm in this courtroom, even with Judge Plager in the panel, in January, the patent office came out with guidance as to how they're going to handle these issues. If this court is going to move down the road of taking electrical medical patents and applying a 101 to them for tweaks and design, that is not the course you've done before. But you may want to consider the patent office's opinion on that. I know you don't want to give the deference necessarily, but it's something that you might want to give some thought to in considering the case, or maybe even solicit an amicus brief from the patent office on that issue. I'm open to questions. We'll hear from the other side to save your rebuttal. Save the remainder of your time for rebuttal. May it please the court. My name is- Your last name is? Michael Peeja, on behalf of the defendant, Athalee Apple. Your Honors, I would like to begin by shedding some light on this jurisdictional issue. I want to do two things. I want to first address Lone Star, and I want to set out exactly what rights these entities actually had at the time of judgment, which we believe gives rise to an Article III standing issue, both then and at the time of filing. Before you get into those details, which certainly will be helpful, let me just ask my question. I have a general question. On the Unilux 2017 issue, do you agree that we could cure, even if there is a jurisdictional problem, we could cure it here at the appellate level by simply joining them? No. I don't believe that's possible, Your Honor, and I think here's why. The problem here is one of Article III standing. That is an issue that's not specific to patent law, so the law of the regional circuit would govern. But the Ninth Circuit has explicitly held—they're the appropriate regional circuit, because we're coming from NDCal—they have explicitly held that Rule 21 cannot be used to, quote, swap in new plaintiffs for the sake of securing a judicial determination on the merits when the original plaintiffs no longer have a stake in the outcome. And this is Bain v. California Teachers Union, 891, Fed 3rd, 1206. It's a 2018 case from the Ninth Circuit. I apologize that this wasn't in the briefing, but it's responsive to the argument at page 5 of Unilux merits reply. I mean, I guess you're right. It wasn't briefed, but I've got at least one Ninth Circuit case that maybe was in the briefs. Cal Credit Union League, you're familiar with that? And the parenthetical says, allowing the appellate joiner of a plaintiff to retroactively cure a jurisdictional defect. That's a Ninth Circuit case, right? So neither that case nor any of the cases that Unilux cites involve a Article III constitutional lack of standing that existed at the time of judgment. The cases that they're citing primarily fall into two categories. One, they have a bunch of diversity jurisdiction cases that just stand for the proposition that where there was a party with standing, but there were other parties that may not have had standing, you can dismiss the non-diverse parties. That's an issue that's unique to diversity jurisdiction and isn't applicable here. It's also not what they're trying to do. And then they have some cases like the Mentor case. And that relates to just a, it used to be called provincial standing. I understand that it's a statutory issue now. But that was a question where you had an exclusive licensee that was present in the case at the time of judgment. And the question was whether or not the patent owner should have been joined. The problem that we have here, and that was Lone Star too, by the way. Lone Star was not an Article III case. They had an exclusive licensee that was bringing suit. And the question was, could they proceed in their own name? And that licensee had exclusionary rights. That is the key. The jurisprudence, the Supreme Court's, this court's jurisprudence has noted that the right that is injured by a patent infringement is a right to exclude. In this case, at the time of judgment in May of 2018, Uniloc USA didn't have that right. Because at that time, what had happened was the original patent owner, well, the one at the time of filing, Uniloc Luxembourg, had terminated the exclusive license to Uniloc USA. It had sold the patent to Uniloc 2017. Now, Uniloc 2017 had then engaged in another transaction. And the rights it granted to Uniloc USA at that time were far less than Uniloc USA had originally had. And specifically, the only rights it had... So, you're doing fact-finding for us. What are we supposed to do on appeal? How do we resolve that on appeal? Or are you just saying, no, no, no, no, no, you can't resolve any of this on appeal. You just have to remand it back to the district court so he can do this fact-finding. It's exactly right. This case should be remanded, and that's exactly the procedure that the Supreme Court... But if it goes back and the district court says, OK, I'm adding Uniloc 2017, will that cure the jurisdictional defect? So there's still, I think, discovery outstanding that would address that issue. It is possible that it... Well, let me withdraw that, Your Honor. It would cure the defect at the time of judgment because the judgment that was defective would have been withdrawn. It would not cure the issue that Your Honor has alluded to on... Let's set that aside. I don't... That is very unclear to me what's going on there. Let's just talk about adding Uniloc 2017 to cure the defect in the time of judgment. Would that cure the defect at the time of judgment? We believe at this time it would, yes, if the district court were to do that. So you're saying we can't do that, but the district court can do that? Yes, Your Honor. I think that the Ninth Circuit... But that makes no sense to me because that sounds like the type of technical defect that even the Ninth Circuit allows to be cured. So, Your Honor, the Ninth Circuit has treated a lack of Article III standing at the time of judgment differently from what would be referred to as a technical defect. The other issue I would note is... It baffles me why you're pressing this point because you want a one below, and all you're going to end up doing is delaying this proceeding, sending it back, getting Uniloc 27 added, having the same exact outcome and the same appeal again to us and wasting our time again on the 101 issue. So, Your Honor, to... I don't... Frankly, I don't understand why you aren't switched on the jurisdictional sides. It seems like they're the ones that should be delaying us ruling on 101 and you should be wanting us to rule on 101. To be clear, Your Honor, the district court got it right and we believe it should be ultimately affirmed on the merits. But the reason we're here arguing this is because Uniloc has 24 cases pending against my client. And in a half-dozen of those, this exact same issue is present. And we just want... Really? Are you sure? Because I think these cases... I thought these cases from the group that we knew about, that these two cases were in a unique position because of the timing of the filing and the timing of the judgment. As to the time of judgment, yes. As to the time of filing, no. There are additional cases pending before a judge also in the Northern District of California filed at more or less exactly the same time that have the same ab initio... So you're talking about... Okay, so let's move to this fortress thing. Yes, Your Honor. So that's the other question that arises, right? It is. And that's at the time of filing. But you've raised that with Judge Alsop. He's already rejected your argument in that regard. Why are we sending it back to him so he can reject it and then we get to review his rejection of that on appeal so we get this same case back two years from now and it's on the issue of whether or not his findings were correct on fortress? Well, I do think that ultimately needs to happen, Your Honor. The fact of the matter is he has issued a ruling on that. He granted leave for us to file a motion for reconsideration on a particular issue. There are credibility issues involved in that motion. They have a witness declaration that they've submitted that we're attacking the credibility of. So there are a number of documents not present here that he's considering that were submitted in conjunction with that motion. Let me just ask you, actually. This is just a separate question. On the issue that's being litigated which is highly fact-specific on fortress in that other case,  between the issue that would be litigated with regard to fortress by Judge Alsop in this case? No, Your Honor. Okay. Because there are all these different parties floating around and affected by the timing of everything. So it's the same thing. Yes, Your Honor. It would be the same issue. Unless you had further questions on the jurisdictional issue, again, we would urge consistent with this. Well, why don't you tell us about Lone Star? You started off by wanting to explain Lone Star and I cut you off. Not at all, Your Honor. I would just note Lone Star was not an Article III standing case. It was a case where the question was whether the exclusive licensee who admittedly had exclusionary rights needed to join the patent owner under Rule 19 as an indispensable party. And the holding in that case was that the district court erred because it dismissed the case without considering whether that joinder was proper. And that has nothing to do with the situation here because Uniloc USA didn't have exclusionary rights at the time of judgment. They had a bare license to sue but the right to practice the patent and to exclude others was held by Uniloc 2017 which was not a party at the time of judgment. Let's assume that we presumably disagree with at least some of your analysis of the state of the law. So let's assume one important factor in our reading of the law is whether or not you would be prejudiced by an appellate joinder. The only argument you refer to here was well you've got these other cases so you want this resolved because of the other cases. To me that doesn't set assuming I were right and the standard is whether or not you would be prejudiced at all there's no prejudice to you by our proceeding granting appellate jurisdiction and moving forward on the merits is there? On the issue at the time of judgment you're correct, Your Honor. We don't assert prejudice from that. However, there would be prejudice from deciding  at the time of filing now because the record before this court is incomplete and this goes into the complexities that you mentioned, Your Honor. There are a number of documents highly intensive fact-finding that the district court is engaging in. So if this court were to determine that the ab initio standing issue was not a problem for Unilog we would be prejudiced because that is evidence that we would not have been able to present to this court simply because of the procedural posture and that is why we're asking for a remand which is exactly what the Supreme Court in Newman Green suggested. You would be prejudiced because not on the outcome of this case, right? You're fully prepared to litigate the merits which is where we will you know whether it's the merits you've won We have won and we believe that decision should be affirmed but the prejudice What's the prejudice? The prejudice is simply in the other cases if this court were to affirm that were to find that there was jurisdiction at the outset and Unilog were then to come in and tell the district court and tell future So that's what I that's what I thought that there's no prejudice that would inure to you in this case Your prejudice is about what's going on in the other cases Yeah Assuming the your honors affirmed the substance of the Do you think we should care about that? I mean when we look at if I'm correct and that's a factor we look at as to whether or not you're prejudiced Do you think we go outside the four corners of this case and look at what prejudice might occur in another case? That seems a little odd I do think that's committed to your sound discretion your honors and I would the only other thing I would submit is that there is I would submit that there is inherent prejudice in if a judgment is issued in a case where there's no subject matter jurisdiction that's inherently problematic and so we should just do what the Supreme Court said in Newman Green if there's a factual dispute as to standing which is to remand But in determining that we look at the facts in this case right? We don't look at additional evidence developed in these other cases Correct I mean it doesn't seem like this fortress issue has been fully developed in this case right? It's developed in another case It's been partially developed in the record here because we were able to submit some of the relevant documents and from those documents there's enough evidence in the record to see that there was a contract that that contract did have a conveyance that could have been triggered to fortress and that if that conveyance were triggered fortress would have an unfettered right to license third parties to the patent in suit on any terms And you think that defeats the jurisdiction at the time of filing? Absolutely We think that under the Luminara case What more facts do we need to decide that issue then? So Unilog's defense to this is that the defect was cured and whether or not there was a cure involves issues of fact as to what it is Unilog did to cure and whether the declaration of a witness below Mr. James Palmer was in fact credible We've challenged that  an evidentiary hearing before the district court and we submit that that would be exactly what would need to be done in this case to resolve the issue as well Your prejudice argument I take it if I understand it and I'm not sure I do is that if we take jurisdiction on the grounds that there that we can cure whatever needs to be cured by joining Unilog 17 that that then becomes the law of this circuit presumably and your argument is that gets in the way of your litigating that question of original jurisdiction at the time of filing in these other cases which ultimately will come before this court Is that your prejudice argument Yes Your Honor What how many we know there's one case being litigated the one where Judge Alsop has asked for you're filing a motion for reconsideration you then mention like six others is that issue are those issues alive or is that just something that's waiting in the wings the issue is live in all those cases we filed identical motions below in each of the there are four cases other than this one that are alive there's one other one that's we believe Unilog was attempting to dismiss the case before it got stayed and then there's this case so that's six and you're telling us that the issue of Fortress is the exact same thing it's not temporarily different because of the time of filing of these other cases Correct Are the jurisdictional facts different as developed in these different cases No So the district court coordinated the proceedings among all these cases So this case So all the facts that are developed in those cases are in this case too No your honor Well that's what I was asking I mean in terms of prejudice if we decide based on the specific jurisdictional facts here if the facts are different then the case is different So the facts the record facts are different The record yes your honor is different I see that my time has elapsed so I apologize for not getting to the merits your honor if there's any questions you have on that I would be happy to address them Yes there are lots of questions on it but I don't know whether we're going there or what we're going to do Madam Chief Judge You're free to ask questions I can't figure this out on the spot so it's up to you Alright well if you want I'll pursue a line of questions that I have but I'm not sure that we have jurisdiction to do that unless we have decided we have jurisdiction to decide the merits Well I'm not prepared to do that What do you recommend I'd certainly be happy to move on to the next case the other case but it's solely up to you Well alright let me can I pursue a line of questions Absolutely Counsel the trial judge is near as I can figure it out in this case he said that the 203 patent is limited to the high-level concept of adjusting a battery's current flow based on its temperature Yes Your Honor And you persuaded the judge that that's an abstract idea Yes Your Honor It's interesting that the trial judge said the 203 patent is limited rather than the claims of the 203 patent so help me with this I'm not an engineer so I'm not sure I even understand what's going on in this case but if I understand the Alice case we're supposed to look at the claims at issue would you look at the claim well let's just take the claim at issue pick the claim perhaps claim one is a good example of the blue brief the patent appears in a variety of context walk me through this let me give you a hypothetical after reading this I went online and asked Amazon if they could sell me this product and they said sure what do you want to use it for and I said for an automobile and they said fine we'll send it to you you'll have it tomorrow in fact it showed up here and it's the box is sitting right there under that and I brought in a 12 volt battery for my car to help us understand it walk me through claim one and tell me what you would get out of the box if someone said to you what does claim one look like what does claim one look like what does the apparatus of claim one look like is it what does claim one look like is an apparatus for charging a battery here's the battery battery is right here you have a box full of the rest of claim one let's go to the next line a charging circuit would you take that out of the box and show it to me what does it look like what do you think it looks like i don't know there's any number of different types of circuitry that can be used any circuitry that could conceivably be used to charge a battery would fall within the scope of that element could be an alternator it could be a battery charger that you get down town could be any one of those things your honor but it would be a box of some piece of hardware of some kind it would be some physical thing that's where i want to go secondly a temperature sensor positioned to sense the temperature of said battery i'm not an engineer you need to help me what would i see coming out of the amazon box that looks like a temperature sensor what is that once again your honor we don't know exactly what it looks like it would be some unspecified thing that in some unspecified way using some controller why don't you read that a controller coupled to said temperature sensor is that a little guy with a computer that's going to come out of what is that device so it's according to this patent it's any electronic element that can perform the basic idea recited here so it's some piece of electronics we don't know what or it's some software running on some electronic which we don't know the nature of either it's some kind of an apparatus it's probably in a little metal container of some kind or software running on some kind of a generic hardware yeah okay let me ask you this question what is abstract about what came out of that box what's abstract about the claim your honor is that the only thing in this claim beyond conventional elements is the idea of changing current based on temperature what is abstract about what came out of that box you put up here in abstract in fact in the recent decision of the charge point versus semi connect case the thing the claim that was held abstract in that case was directed to a charge transfer device that was the charging circuit that your honor asked me to pull out included a current measuring device that's the analog to the temperature measuring device nothing abstract let me ask you one further question back in January 24th 1950 probably before you were born the patent office issued a patent that had been filed October 8th 1945 right after World War II and the name of the patent was method of method of treating foodstuffs I don't know your honor I need to see the claims and you are quite correct that that was before I was born so I have not seen the claims in that patent it's an interesting patent because it turns out that the method of treating foodstuffs was the first microwave oven because this guy had worked Spencer the inventor had worked on radar equipment and was standing in front of one of those microwaves so he put this invention in and it's just a microwave oven would this be subject to the same kind of analysis that you are arguing for in the case here we can't look at what's in the claim at issue we have to look at some sort of higher level notion of what might possibly be represented by that claim is that your understanding of our jurisprudence we have to look at as the court has directed what the claim is directed to under step one i think that the analogy that your honor or the case your honor is describing is actually directly analogous to the morse case and so the way i would answer your question is to say there could be claims on a microwave that would be patentable and unpatentable in the morse case there were claims on a specific telegraph in that case the specific apparatus claims to the telegraph which used elements in a new way in an unconventional set of components those were patentable but the supreme court said that there was a claim that was directed to the use of electromagnetism however developed to transmit information at a distance that claim was unpatentable so if your microwave claim your honor said the use of microwaves to heat food however developed unpatentable but could you have an apparatus claim in 1950 that were 1945 that had unconventional components and was patentable and heated food in a district   unpatentable but the 203 patent is directed to an abstract idea do you understand that that the supreme court's alice case is directed to what or is aimed at what the patent claims or is it what the claims at issue are but it's what the claims at issue are of course your honor and what the district court what did you mean by the sentence that as to the merits of district court correctly held that the 203 patent is directed to an abstract idea why did you say the issue is that it's what the patent is directed to I don't understand that two reasons first we were simply adopting the assertive claims it's clear the district court thought that was the question what is the patent directed to the district court never really talked about the claims the district court talked about the specification the specific claims and said the question is what is the patent directed to as you did and as in fact they do they make the same statement in their reply brief here's what they said they said Uniloc limits this reply brief to whether the patent claims an abstract idea using claim there not in the patent sense but in the sense of argues for so all of you seem to think that what the Alice case is about is what the patent is about rather than what the claims at issue are about and I need help to understand why we're going all the way over there because that's your case Your Honor, we did and I regret any confusion, we used that as a shorthand for what the claims were directed to. The district court's opinion clearly analyzed the claims themselves. I would point your honors to appendix 5 at lines 14 to 26 and so on where the district court goes through. But then appendix 9 where appendix 9 at line 24 what UNILOCK claims are sweeping abstract swaths of possible methods. Appendix 10 at line 10 UNILOCK makes attempts to identify a concept in its claimed invention. Line 11 UNILOCK compares its claimed invention. Where did the district court state succinctly what the claims  Appendix 8 your honor. So the district court said UNILOCK's assertion that its claimed  is not directed to an expression of the abstract idea that current should be related to temperature is plainly false. The district court actually was talking about the claims your honor and referring to the claimed invention Judge Alsop was referring to that which was claimed purported to be an invention and recited in the claims. And that's buttressed by the fact that the district court went through the claim set it out and talked about the claims and the claimed invention repeatedly. And I think the reason the district court talked about the patent as a whole was because there's case law that says that you should look to the specification to confirm an understanding developed from the claims about what the invention is directed to. The district court did that here. We submit use reflect rest upon or apply laws of nature natural phenomena or abstract ideas.  invention is not rendered ineligible for patents simply because it involves an abstract concept. Yes, Your Honor. And we said this invention finding that this invention was unpatentable would not in any way tread on those problems. Look at Claim 16. There is nothing in Claim 16 but the abstract idea. Literally nothing. It doesn't specify Claim 1. Same problem with Claim 1. There is no specificity in the patent. That's  specific. It's not, Your Honor. The controller according to the patent can be anything. So your objection is the patent is indefinite? No, Your Honor. Under cases like TLI this court has placed how the threshold is set that's the entire purportedly inventive aspect of this purportedly non-abstract aspect and there is no specificity. The inventive fact doesn't come up until Step 2. We're talking about Step 1. Is this an abstract? Is that battery and the four pieces of hardware a Step 1 abstraction? That's the question we have to first ask. And there are two parts of Step 1. Step 1. Is it abstract? And the second part is is that abstraction a violation etc. We never talk about Step 1 of Part 1 of Step 1. Is this really an abstract case? Okay. I'm done. Thank you, Your Honor. Do I have any rebuttal time, Your Honor? I will give you a couple minutes. Preference would be if you have anything in addition to say on the jurisdictional question based on your answer. Very brief. The last thing I want to do is spend the next two years waiting for the merits to be decided. I have a couple suggestions how the court can take care of the jurisdictional issue. One is, and I invite you again to read Loan Star, which is called the jurisdictional issue. After all, the only issue is whether the court should decide. Was this fortress issue raised below by your friend in response to your complaint? There were a bunch of cases in front of the court.   know if   a case in front of the court. I don't know if there was a case in front of the court. The court was not in front of the   don't know if there    of the court. The court was not in front of the court. I don't know if there was a case in front of the court. The court was not in front        case in front of the court. I don't know if there was a case in front of the court. The court is very demanding. Okay. My third and last suggestion and then I'll sit down. In the lone star case their argument is that fortress had a non exclusively license and did not have complete control over the building. And that is not the holding. But if you agree with it, that also resolves the jurisdiction issue. You don't have to send this case back. Thank you. The case is submitted.